## Paisley, Appellant, *v.* Mauch Chunk Township School District.

Argued November 16, 1938.

Before KELLER, P. J., CUN-
NINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES,
JJ.

*Frank X. York,* for appellant.

*Ben Branch,* for appellee.

PER CURIAM, January 31, 1939:

This appeal is concerned with the salary schedule[1]

---

[1]  "SALARY SCHEDULE
"The Board of Education of Mauch Chunk Township has

adopted by the Board of Education of the defendant township school district on or about April 16, 1928, for the purpose of determining and controlling the salaries thenceforth to be paid to the several school teachers therein.

It is not alleged or contended that the salary schedule so adopted is contrary to or in conflict with any law of the Commonwealth.

The question at issue is the meaning of the words 'normal school training' in connection with the classification of teachers on the basis of their preparation and qualifications, with special reference to groups one and two, to wit: "Teachers in the first group comprise those with two years of normal school training ......;

---

adopted a single salary schedule according to which salaries will be the same for all teachers, elementary, junior high school, and senior high school, provided that they possess the same training and experience. It is recognized that specialized preparation and high qualifications are as necessary for adequate teaching in the primary grades as in any period of education.

"Under this schedule teachers are divided into four groups as follows: Teachers in the first group comprise those with two years of normal school training, who will be paid a minimum of $1000, with four annual increments of $100 up to a maximum of $1400; teachers in the second group comprise those with three years of normal school training, who will be paid a minimum of $1200, with five annual increments of $110 up to a maximum of $1750; teachers in the third group comprise those with four years of normal or college training and a degree, who will be paid a minimum of $1400, with six annual increments of $120 up to a maximum of $2120; teachers in the fourth group comprise those with an A. M. degree with a major in a teaching subject, who will be paid a minimum of $1600, with seven annual increments of $130 up to a maximum of $2510. ......

"Credit for successful experience in schools of equal rank will be granted. Any teacher entering the system can by interest, effort, co-operation, and ability advance through the various groups to the maximum.

"The salaries of the supervising principal, the principal of the high school, the primary supervisor, the physical director, the art supervisor, the supervisor of music, and other employes will be determined from time to time, by the Board of Education."

teachers in the second group comprise those with three years of normal school training. ......"

The board, whose salary schedule it is that is under consideration, construes these provisions strictly, in accordance with' the language used, and refuses to apply them, as contended for by appellant, as if they read that teachers in the first group comprise those who have passed the examination required of a student at normal school *for a two years course;* and that teachers in the second group comprise those who have passed the examination required of a student at normal school *for a three years course.*

With the wisdom or advisability of the classification we are not concerned, but we agree with the learned court below that the construction of the schedule as contended for by the appellant is not in accord with the language of the schedule.

It follows that the appellant who had only two years of normal school training, although on graduating she had completed a course of study which normally required three years, was properly classified under group one and not under group two.

The letters of the Department of Public Instruction and of the Dean of Instruction of the Bloomsburg State Normal School, now the State Teachers College, expressing their views on the subject, which were included as exhibits to the case stated, were proper for the consideration of the Board of Education, but are not controlling of their judgment or action or that of the court below.

The court below correctly said: "There is nothing in the School Code which compels the School Board to accept the qualifications set forth by the State Teachers College or the Normal School. Defendant School Board had a perfect right to attach to its contract with the Plaintiff certain requirements in addition to the qualifications set forth by the educational authorities. The Defendant was within its rights to require an ap-

plicant in the several groups of teachers to have additional qualifications, and when the Plaintiff was placed in the first group by reason of her not having three years of normal school training they were within their rights." The court below further pointed out the distinction between 'taking an examination' and 'training in a normal school', with the latter's requirement of "regular instruction in the science and art of teaching in a special class devoted to that object," [2] and said: "However proficient Miss Paisley may have been in the subjects or branches which she passed by examination only, but which she did not study and get training in in a normal school, it is an undeniable fact that she did not get her proficiency by normal school training. It is also undeniable that her normal school training covered but two years. If the normal school diploma which ordinarily resulted from three years work in the normal school, but which Miss Paisley got by only two years work, should be held to evidence the fact that she has had three years normal school training, then by the very same token she might have passed two years' work by examinations and spent one year in normal school, or might have shown proficiency in all the studies for the three years by examinations without spending any time in normal school, and she could make the very same contention which she now makes here."

We do not deem further discussion of the subject necessary. If it is desired, recourse may profitably be had to the very full and comprehensive treatment of the matter in the opinion of the learned court below.

The judgment is affirmed.

---

[2] Act of March 18, 1875, P. L. 11. See also section 2004 of the School Code of May 18, 1911, P. L. 309, as amended by Act of April 25, 1929, P. L. 712.